UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| SONIA GULINO,<br><br>    Plaintiff,<br><br>v.<br><br>SUSAN JACKSON, THE VANGUARD GROUP, INC., TD AMERITRADE, INC., and AMERICAN AIRLINES,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No.<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

TO: THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

Comes now Defendant, American Airlines, Inc. ("AA"), by counsel, and respectfully notify this Court of the removal of the above-styled cause from the Circuit Court for the 13th Judicial Circuit of Hillsborough County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §1331, §1367, §1441, and 29 U.S.C. §1132, and states as follows:

I.

This action is being removed to federal court based upon the following alternative federal jurisdictional bases: federal question jurisdiction under 28 U.S.C. §1331 and under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.* (hereafter "ERISA"); and supplemental jurisdiction under 28 U.S.C. §1367.

II.

On or about February 12, 2014, Plaintiff filed in the state court the Amended Complaint naming AA as a defendant in the above-entitled civil action, bearing Case No. 14-CA-1453 in the records and files of that Court.

III.

The aforesaid state court action is a suit of a wholly civil nature of which the United States District Court for the Middle District of Florida, Tampa Division, has original jurisdiction under 28 U.S.C. §1331, §1367, and 29 U.S.C. §1132, and is one that may be removed by petitioner pursuant to 28 U.S.C. §1441.

IV.

This Court has federal question jurisdiction over the action because Plaintiff, as an alleged beneficiary under an employee pension benefit plan, seeks recovery of benefits and other relief under said employee pension benefit plan. The plan is controlled by ERISA:

    a. At all times relevant hereto, AA established and/or maintained an employee pension benefit plan, and Plaintiff alleges that the decedent, Robert Grote, was covered under said employee pension benefit plan, and, as such, was a participant and beneficiary under said employee pension benefit plan;

    b. The plan is one established or maintained by an employer as defined by ERISA, 29 U.S.C. §1002(5). That section defines an employer as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan . . . .";

    c. The plan was established and is maintained for the purpose of providing, among other things, retirement benefits for participants in the plan;

    d. The plan was and is therefore an employee pension benefit plan within the meaning of 29 U.S.C. §1002(2)(A);

    e. Plaintiff's claim is one for recovery of benefits and other relief under said employee pension benefit plan; and

    f. Pursuant to 29 U.S.C. §1132(e), the district courts of the United States have original jurisdiction over actions brought by participants and beneficiaries to recover benefits or other relief under employee welfare benefit plans.

V.

In addition and alternatively, this Court has federal question jurisdiction under ERISA of this matter and, to the extent this Court should determine that any of Plaintiff's claims are not preempted by ERISA, this Court would have supplemental jurisdiction over such claims because such claims are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

VI.

This action is therefore one of which the United States District Court for the Middle District of Florida, Tampa Division, has original federal question jurisdiction under 28 U.S.C. §§1331 and 1441(b), as well as supplemental jurisdiction under 28 U.S.C. §1367, and this action may be removed to this Court by petitioner pursuant to 28 U.S.C. §§1441(a) and (b). Hillsborough County, Florida is within the venue of the Tampa Division of the United States District Court for the Middle District of Florida.

VII.

This petition is being filed pursuant to 28 U.S.C. §1446 within thirty (30) days of service of the initial pleading in which a removable claim is asserted, and is removable in that:

a. The time for filing this petition under 28 U.S.C. §1446 has not expired;

b. Plaintiff artfully crafted her pleading based wholly upon state law causes of action, claims and/or theories of recovery; and

c. In the companion cases of *Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58 (1987), and *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41 (1987), the United States Supreme Court established that state law claims such as those asserted by Plaintiff herein are preempted by ERISA, in that ERISA, 29 U.S.C. §1132, provides Plaintiff's exclusive cause of action and displaces entirely any state cause of action, thus rendering Plaintiff's case,

   however pleaded, exclusively a federal question case removable to this Court;

  d. To the extent any of Plaintiff's claims are governed by state law, this Court has supplemental jurisdiction over such claims.

  e. The consent to removal by all Co-Defendants which have been served (The Vanguard Group, Inc. and TD Ameritrade, Inc.) has been obtained as acknowledged by the attached emails.

VIII.

Therefore, Defendants file this Notice of Removal of this action from the 13th Judicial Circuit of Hillsborough County, Florida, in which it is now pending, to the United States District Court for the Middle District of Florida, Tampa Division. There are attached to this notice, marked Exhibit "A" and incorporated by reference, true and correct copies of all process, pleadings, and orders served upon AA in this action.

IX.

Also attached to this notice, marked as Exhibit "B" and incorporated by reference, is a true and correct copy of the Notice of Removal that will be filed (without exhibits) with the 13th Judicial Circuit of Hillsborough County, Florida and the acknowledgement of the consents of The Vanguard Group, Inc. and TD Ameritrade, Inc., marked as Exhibit "C."

WHEREFORE, Defendants notify this Court of the removal of this action from the 13th Judicial Circuit of Hillsborough County, Florida to the United States District Court for the Middle District of Florida, Tampa Division.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: _____
William J. Cantrell
100 N. Tampa St., Suite 3600
Tampa, FL 33602
Ph.: (813) 221-7449
Fx.: (813) 289-6530
william.cantrell@ogletreedeakins.com
ATTORNEYS FOR DEFENDANTS

CERTIFICATE OF SERVICE

I certify that on March 4, 2014 the foregoing *NOTICE OF REMOVAL* was served on the following counsel of record by depositing same in the United States Mail with sufficient first-class postage pre-paid:

Daniel A. McGowan, Esq.
Adrian Philip Thomas, PA
SunTrust Center, Suite 1050
515 E. Las Olas Blvd.
Ft. Lauderdale, FL 33301

_____