UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SONIA GULINO,   CASE NO.: 8:14-cv-00533-JSM-MAP

    Plaintiff,

v.

SUSAN JACKSON, THE VANGUARD
GROUP, INC., TD AMERITRADE, INC.,
and AMERICAN AIRLINES,

    Defendants.
_____/

## SECOND AMENDED COMPLAINT

Plaintiff, SONIA GULINO, pursuant to Fed.R.Civ.P. 15(a)(2), by and through her undersigned counsel, hereby files this amended action for declaratory relief and in support thereof states as follows:

1. This is an action concerning the rights, status and other equitable and other legal relations regarding the existence or non-existence of any immunity, power, privilege, or right of the interests of the Plaintiff and the proceeds from certain accounts involving the proceeds from assets held by certain financial institutions, pursuant to Fla. Stat. § 86.011, *et seq.*

2. In particular, this action relates to certain accounts that were maintained by Robert Grote ("the Decedent") for the benefit of Plaintiff Sonia Gulino.

3. Plaintiff is *sui juris* and is a resident of the Commonwealth of Pennsylvania.

4. The Decedent died January 27, 2013. The Decedent was a retired airline pilot and a Navy veteran.

5. Defendant American Airlines is a for profit corporation doing business in the State of Florida. At all times relevant hereto, American Airlines maintained an account titled in the name of the Decedent with Plaintiff named as a death beneficiary.

6. Defendant TD Ameritrade is a for profit corporation doing business in the State of Florida. At all times relevant hereto, TD Ameritrade maintained an account titled in the name of the Decedent with Plaintiff named as a death beneficiary.

7. Defendant Vanguard is a for profit corporation doing business in the State of Florida. At all times relevant hereto, Vanguard maintained an account titled in the name of the Decedent with Plaintiff named as a death beneficiary.

8. Defendant Susan Jackson is *sui juris* and a resident of the State of Florida, County of Hillsborough.

9. Upon information and belief, Decedent committed suicide.

10. Upon information and belief, at or around the time of Decedent's death, the beneficiary designation on the account maintained at American Airlinwa was changed from 90% to Plaintiff and 10% to Defendant Jackson, to 10% to Plaintiff and 90% to Defendant Jackson.

11. Upon information and belief, on January 16, 2013, the beneficiary designation on the account maintained by TD Ameritrade was changed from 60% to Plaintiff and 40% to Defendant Jackson to 100% to Defendant Jackson.

12. Upon information and belief, on January 10, 2013, the beneficiary designation on the account maintained by Vanguard was changed from 100% to Plaintiff to 100% to Defendant Jackson.

13. This Honorable Court has subject matter jurisdiction pursuant to Fla.Stat. §§26.012, 86.011, and 86.101.

14. Venue is proper in Hillsborough County, Florida because, among other things, Susan Jackson is a resident of Hillsborough County, Florida and also because each of the Defendants holding the accounts that are the subject of this action have subjected themselves to the jurisdiction of the Courts of this State

pursuant to Fla.Stat. §48.193.

15. Upon information and belief, the Decedent died as a result of a suicide from two self inflicted gunshot wounds to his chest and cuts to both forearms and the left side of his neck. An empty bottle of zolpidem was found in his home after his death and detected in the autopsy. The Decedent was suffering from the effects of sudden withdrawal from oxycodone and the effects of taking combinations of prescription medication. The combination of the oxycodone withdrawal and prescription drugs caused the Decedent to suffer from delusional thinking and the Decedent lacked the requisite mental capacity to understand the practical effect of the beneficiary designation changes made in January 2013 to the accounts and plans that are the subject of this action.

16. Plaintiff has a judiciable question as to rights to the proceeds of the accounts identified above and held by Defendants and the validity of the purported changes to the beneficiary designations for each of the accounts maintained by each of the corporate defendants identified above. The combination of the oxycodone withdrawal and prescription drugs caused the Decedent to suffer from delusional thinking and the Decedent lacked the requisite mental capacity to understand the practical effect of the beneficiary designation changes made in January 2013 to the accounts and plans that are the subject of this action.

17. There is a bone fide actual present need for a judicial declaration of the appropriate beneficiary designations and the validity of the changes to the beneficiary designations that were made at or around the time of the Decedent's death.

18. Plaintiff has retained the law offices of Adrian Philip Thomas, PA, and has agreed to pay a reasonable attorneys' fees for its services.

19. Plaintiff is entitled to her attorneys' fees and costs pursuant to Fla.Stat. §86.081 and all applicable statutory and Florida decisional law.

20. Plaintiff requests a jury trial concerning the determination of issues of fact pursuant to Fla.Stat. §86.071.

WHEREFORE, Plaintiff requests a trial by jury and requests that this Court enter an Order as follows:

A. That this Court adjudge the validity of any changes made to any beneficiary designations made at or around the time of the Decedent's death concerning the accounts held by Vanguard, TD Ameritrade, and American Airlines;

B. That the Court order no distributions be paid out or interest transferred from any of these accounts until a final non-appealable judgment is entered or the parties enter into a binding Settlement Agreement;

C. That this Court order that all assets, holdings, interests, and property in the accounts held by Vanguard, TD Ameritrade, and American Airlines attributable to Decedent be frozen until a final non-appealable judgment is entered or the parties enter into a binding Settlement Agreement;

D. That this Court grant such other and further relief as is proper, including the payment of costs and attorneys' fees to Plaintiff's counsel.

    Respectfully submitted,

    ADRIAN PHILIP THOMAS, PA
    Counsel for Plaintiff
    SunTrust Center, Suite 1050
    515 E. Las Olas Blvd.
    Ft. Lauderdale, FL 33301
    (954) 764-7273 – Telephone
    (954) 764-7274 – Facsimile

Legal Service:    Legal-Service@athomaslaw.com

By: _____
    Daniel A. McGowan, Esquire
    FBN: 94482

## CERTIFICATE OF SERVICE

I HEREB CERTIFY that a true and correct copy of the foregoing pleading has been served by electronic mail and electronically filed with the Clerk of Court by using the CM/ECF System which will send a notice of electronic filing to all counsel of record listed on the attached Service List on this 3rd day of June, 2014.

_____
Daniel A. McGowan, Esquire
For the Firm

## SERVICE LIST

Neil S. Baritz, Esquire
Baritz & Colman, LLP
1075 Broken Sound Parkway, NW
Suite 102
Boca Raton, FL 33487
nbaritz@baritzcolman.com
*Counsel for TD Ameritrade &
American Airlines*

Benjamin M. Katz, Esquire
Burr & Forman, LLP
450 E. Las Olas Blvd., Suite 700
Ft. Lauderdale, FL 33301
flservice@burr.com
lmcneil@burr.com
bkatz@burr.com
*Counsel for Vanguard Group, Inc.*

William J. Cantrell, Esquire
Ogleree Deakins, PC
100 N. Tampa St., Suite 3600
Tampa, FL 33602
William.cantrell@ogletreedeakins.com
*Counsel for American Airlines*

Joseph W. Fleece, III, Esquire
Baskin Fleece
13535 Feather Sound Drive, Suite 200
Clearwater, FL 33762
jfleece@baskinfleece.com
rwgreene@baskinfleece.com
Barbara@baskinfleece.com
Kathleen@baskinfleece.com
eservice@baskinfleece.com
*Counsel for Susan Jackson*