IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SONIA GULINO,

      Plaintiff,           CIVIL ACTION NO. 8:14-cv-00533-JSM-MAP

vs.

SUSAN JACKSON, THE VANGUARD
GROUP INC., TD AMERITRADE INC.,
and AMERICAN AIRLINES,

      Defendants.

## CONSENT PROTECTIVE ORDER

As stipulated by the parties and having found that a Protective Order is appropriate to preserve the confidentiality of confidential, privileged and proprietary information that has been or will be requested and produced in discovery in this matter or otherwise revealed or obtained, and necessary to protect the integrity of this information and the rights of the parties,

**IT IS HEREBY ORDERED:**

1. In responding to a party's subpoena and/or discovery request:

a. The parties may designate as Confidential any document, thing, or information that either party believes contains trade secrets, confidential research, development, commercial or financial information or any other proprietary or confidential personal or business information.

2. All documents, things, or information designated as Confidential, including all copies, extracts, or summaries of and information obtained from any documents, things, or information designated as Confidential ("Confidential Material"), shall be used in connection with the litigation and appeal of this litigation only. Confidential Material shall not be used for any business, competitive, or other purpose, and shall not be disclosed to any other person or entity except as provided in this Order.

3. Materials may be designated as confidential ("Confidential Designation") by prominently marking the material "Confidential" at or before the time of its production. Inadvertent failure to make a Confidential Designation may be corrected by supplemental written notice given as soon as practicable.

4. If a party disagrees with a Confidential Designation, that party may serve a written notice of objection to the designation upon the designating party within fifteen (15) days of receiving the material. Failure to do so will waive any contention that the Confidential Designation is improper. The objecting party shall attempt to resolve its dispute in good faith within ten (10) days of designating party's receipt of the objection. If the parties are unable to resolve their dispute within ten (10) days, the party seeking to negate the Confidential Designation shall file a motion with the Court to have the Confidential Designation removed within ten (10) days. Failure to do so will waive any contention that the Confidential

Designation is improper. If a party moves the Court to remove the Confidential Designation pursuant to this Paragraph, that party shall have the burden to show that the designating party's Confidential Designation was improper. All material bearing a Confidential Designation shall be treated as Confidential Material until the entry of an Order providing for alternative treatment.

5. Confidential Material may be made available to and inspected by the following only:

a. The parties and their officers, employees, consultants, and agents that are assisting in the prosecution or defense of this litigation;

b. Counsel for the parties and their employees, consultants, and agents;

c. The Court;

d. Employees of the Court in the scope of their employment only;

e. Court reporters designated by the parties or the Court;

f. Expert witnesses for the parties, their employees, consultants, agents, and counsel, to the extent that such disclosure is necessary for them to prepare for this case;

g. Any other witnesses and their counsel, to the extent that such disclosure is directly relevant to the testimony of the witness.

6. Disclosure of Confidential Material shall be consistent with this Order. If any disclosure is sought that is inconsistent with this Order, the person or entity seeking such disclosure shall provide each party written notice of the intended disclosure by facsimile transmission or hand-delivery ("Inconsistent Disclosure Notice"). The Inconsistent Disclosure Notice shall identify with specificity the material to be disclosed and the identity of the person or entity to whom disclosure is sought. The Inconsistent Disclosure Notice shall be delivered not less than ten (10) business days prior to intended disclosure, or such period as is mutually agreeable to the parties. If a party objects in writing to such disclosure at any time prior to the time of disclosure, the inconsistent disclosure shall not be made. The person seeking to disclose Confidential Material in a manner inconsistent with this Order may then move the Court for an order granting permission for such disclosure. The moving party shall bear the burden of establishing that disclosure of Confidential Material in a manner inconsistent with this Order is necessary.

7. This Protective Order shall be effective from the date it is rendered and is enforceable from this date forward with respect to all discovery in this matter, including any material produced at any time after this litigation commenced.

8. This Order shall not be construed as a waiver of any party's right to object to admission of the Confidential Material at any hearing. This Order shall not be construed to impair the right of any party to object to any discovery request.

9. In the event that any party is served with a subpoena or other form of legal process requesting Confidential Material ("Outside Request"), the party receiving an Outside Request shall immediately provide all other parties with written notice that an Outside Request was received together with a copy of the Outside Request itself. The party receiving the Outside Request shall not produce the Confidential Material for ten (10) business days after the other party's receipt of written notice of the Outside Request, unless all other parties provide written notice that they waive the protections of this Order with respect to the Outside Request, or unless production is necessary to comply with an order of the Court.

10. At the conclusion of the action, all Confidential Material shall be returned to producing no later than thirty (30) days after the rendition of an unappealed or unappealable final order in this action. In the alternative, counsel for the parties may certify by letter that all Confidential Material has been destroyed no later than thirty (30) days after the rendition of an unappealed or unappealable final order in this action.

11. In the event that an additional party is added to this litigation, each additional party shall be governed by this Order.

12. If any material as to which a party claims privilege is inadvertently produced during discovery in this proceeding, such inadvertent production shall not be a waiver of any claim of privilege by the producing party. Upon receiving notice of the inadvertent production of a privileged document, the other party shall immediately return to the producing party all copies of the documents as to which a claim of privilege is asserted. This provision is without prejudice to the producing party's right to move or to make application to the Court for an order directing that privileged documents already in the possession of the other party be returned to the producing party and to seek to restrict the use of the documents or information contained therein. This provision shall not be deemed a waiver of the right of any party to challenge a claim of privilege.

DONE AND ORDERED in Tampa, Florida this 24 day of June, 2014.

HONORABLE JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE