UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SONIA GULINO,

    Plaintiff,

v.                                                Case No: 8:14-CV-533-T-30MAP

SUSAN JACKSON, THE VANGUARD
GROUP, INC., TD AMERITRADE, INC.,
and AMERICAN AIRLINES,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon Defendant Susan Jackson's Motion to Dismiss Second Amended Complaint and Motion to Strike Demand for Trial by Jury (Dkt. #28) and Plaintiff Sonia Gulino's Response in Opposition (Dkt. #36). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes the motion should be denied.

## BACKGROUND

Plaintiff brought this claim under section 86.011, Florida Statutes, seeking a declaratory judgment regarding her rights as a designated beneficiary of Robert Grote's (hereinafter referred to as "Decedent") Vanguard account, TD Ameritrade account, and an American Airlines Retirement Plan. American Airlines removed the case from the 13th Judicial Circuit of Hillsborough County, Florida, to the United States District court for the Middle District of Florida, Tampa Division.

In the Second Amended Complaint (Dkt. # 32), Plaintiff claims the Decedent changed the beneficiary designation on the three accounts in question, reducing her share of the account's proceeds and increasing Defendant Jackson's share.  Plaintiff maintains that before committing suicide the Decedent suffered from oxycodone withdrawal and the combined effects of multiple prescription drugs, and lacked the requisite mental capacity to understand the practical effect of the beneficiary designation changes.  Plaintiff further contends that the decedent suffered from delusional thinking because of the withdrawal and medication.  Plaintiff claims that changes made to her beneficiary status just weeks before the Decedent's death are invalid because the Decedent lacked the requisite mental capacity to make the changes, and wants the Court to determine her rights to the proceeds for each of the accounts.  Defendant Jackson now moves to dismiss Plaintiff Gulino's claim under Federal Rule of Civil Procedure 12(b)(6).

## **MOTION TO DISMISS STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 578 (2007).   When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff.   *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).    However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth."  *Ashcroft*, 556 U.S. at 664.   On the contrary, legal

conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## Discussion

Defendant Jackson alleges Plaintiff did not meet factual pleading requirements. Defendant Jackson argues that Plaintiff failed to state facts necessary to show a cause of action based on applicable Florida law regarding Decedent's lack of testamentary capacity. However, Plaintiff did not bring a claim based on Florida law regarding the Decedent's lack of testamentary capacity. Plaintiff brought her claim under section 86.011, Florida Statutes, seeking a declaratory judgment regarding her rights to the proceeds in the aforementioned accounts. Complaints brought under section 86.011, Florida Statutes, have different pleading requirements than those based on the related substantive law. *See Royal Selections, Inc. v. Florida Dept. of Revenue*, 687 So. 2d 893, 894 (Fla. Dist. Ct. App. 1997) ("A motion to dismiss a complaint for declaratory judgment is not a motion on the merits. Rather, it is a motion only to determine whether the plaintiff is entitled to a declaration of its rights, not to whether it is entitled to a declaration in its favor.").

To survive a motion to dismiss, a plaintiff seeking a declaratory judgment under section 86.011, Florida Statutes, must show a bona fide, actual, present, and practical need for declaration. *Platt v. General Development Corp.*, 122 So. 2d 48, 50 (Fla. Dist. Ct. App. 1960) (quoting *May v. Holley*, 59 So. 2d 636, 639 (Fla. 1952)). The Plaintiff's complaint shows a present and actual need for declaration. The Plaintiff supplies

sufficient facts in her complaint to call into question the changes made to the accounts' beneficiary designation. The timing of the changes coupled with the deteriorating health of the decedent cast doubt upon the changes to the beneficiary designations. These changes significantly reduced the Plaintiff's rights to the proceeds of the accounts, and any declaration made by the Court regarding her rights would remove doubts as to which party is the proper recipient of those proceeds. As the Plaintiff has shown there is a present and actual need for declaratory relief, Defendant Jackson's Motion to Dismiss is **DENIED**.

Defendant Jackson's Motion to Strike Demand for Trial by Jury is premature as it is unclear whether there are issues of fact that could be decided by a jury. As such, it is **DENIED** without prejudice as premature.

It is therefore ORDERED AND ADJUDGED that Defendant Jackson's Motion to Dismiss Second Amended Complaint and Motion to Strike Demand for Trial by Jury (Dkt. #28) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, this 7th day of July, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2014\14-cv-533 mtd 28.docx

4