UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SONIA GULINO,

    Plaintiff,

CASE NO. 8:14-cv-00533-JSM-MAP

v.

SUSAN JACKSON, THE VANGUARD
GROUP, INC., TD AMERITRADE, INC.,
and AMERICAN AIRLINES,

    Defendants.
_____/

## JOINT STIPULATION FOR
## ORDER OF INTERPLEADER AND DISCHARGE

COME NOW the parties hereto, the Plaintiff SONIA GULINO, and the Defendants SUSAN JACKSON, THE VANGUARD GROUP, INC., TD AMERITRADE, INC., and AMERICAN AIRLINES, INC. (sometimes collectively referred to as the "Parties"), by and through their respective undersigned attorneys, do hereby stipulate and agree as follows:

1. The above-captioned proceedings concern the proper beneficiary or beneficiaries to certain financial accounts previously held by Robert Grote (the "Decedent"), who passed away on January 27, 2013.

2. In particular, the Decedent maintained some form of financial account (the "Accounts") at: (1) THE VANGUARD GROUP, INC.; TD AMERITRADE, INC.; and AMERICAN AIRLINES, INC. (hereinafter sometimes collectively referred to as the "Financial Institutions").

3. The Financial Institutions are not being accused of any wrongdoing in connection with the management of the Accounts, and they are merely named as necessary parties to this action due to their capacity as stakeholders of the subject proceeds at issue.

4. The Financial Institutions do not dispute that the Accounts are payable to a proper beneficiary or beneficiaries, but due to the competing claims made against the Accounts, the Financial Institutions await further instructions from the Court and/or the adverse parties in interest, namely GULINO and JACKSON, prior to making distributions.

5. As the Financial Institutions are in a position of complete indifference as to the conflicting interests of GULINO and JACKSON, and have no interest in these proceedings other than to avoid potential duplication of liability for payment of the Accounts net proceeds, the Financial Institutions are prepared to deposit the net proceeds, or alternatively, freeze the Accounts and/or the net proceeds, as applicable, pending a final determination and instructions from the Court or an agreement between GULINO and JACKSON, in exchange for their discharge from these proceedings.

6. In addition, as the Financial Institutions are totally disinterested in the Accounts' net proceeds, other than to bring such net proceeds before the Court so the competing claims may be judicially determined, and as the Financial Institutions had nothing to do with the conflicting claims or the

potential duplication of liability, the Financial Institutions are entitled to an award of their attorneys' fees and costs.

7. In order to effectuate the discharge of the Defendant Financial Institutions, as discussed above, the Parties agree as follows:

### *The Vanguard Group, Inc.*

8. THE VANGUARD GROUP, INC. ("VANGUARD")[1] holds proceeds from an Individual Non-Retirement Account (Account No.: XXXXXXX4279). The VANGUARD funds are split between the Vanguard Energy Admiral Shares, Fund #0051, and the Vanguard Short-Term Treasury Fund Investor Shares, Fund #0032. The VANGUARD Account holds cash and/or securities that may fluctuate in value. Such value may increase or decrease until such time as the securities positions are sold, either at the further order of this Court or at the direction of JACKSON, as the account representative as set forth in paragraph 29 below. Current values will be made available to the Parties upon joint demand therefore.

9. GULINO and JACKSON, as the potential claimants to the VANGUARD Account(s) proceeds, agree that the funds should remain on deposit with VANGUARD, but that VANGUARD should be dismissed with prejudice from these proceedings.

---

[1] VANGUARD as used herein shall include The Vanguard Group, Inc., together with its directors, officers, trustees, fiduciaries, employees, representatives, attorneys, predecessors, successors, acquiring, holding or parent companies, affiliates or subsidiaries, and assigns, divisions, departments, and subsidiaries, parent and affiliated corporations, and its successors and assigns.

10. VANGUARD shall deduct from the VANGUARD Account proceeds the sum of $6,200.00 to Burr & Forman, LLP, for legal services and costs incurred by VANGUARD in connection with these proceedings. As referenced in paragraph 31 below, this Court shall retain jurisdiction to provide additional attorneys' fees if circumstances so warrant.

11. Immediately upon deducting the sums set forth above in paragraph 10, VANGUARD shall restrict and/or freeze all remaining funds, to be held and/or maintained by VANGUARD in their entirety pending further order of this Court or by written agreement of GULINO and JACKSON.

12. Upon making the distributions set forth above, VANGUARD is forever discharged and released from any and all liability relating to the claims and rights of GULINO and/or JACKSON to the VANGUARD Account previously held by the Decedent, more specifically Account XXXXXXX4279.

13. GULINO and JACKSON agree not to institute or further prosecute any action in any court against VANGUARD affecting the rights and obligations of VANGUARD with regard to the VANGUARD Account.

14. Defendant VANGUARD, upon taking such actions as set forth in paragraphs 10 and 11 above, shall be dismissed from the action, with prejudice.

### *TD Ameritrade, Inc.*

15. TD AMERITRADE, INC. ("TD AMERITRADE") holds proceeds from the Susan Diane Jackson Beneficiary Roth IRA of Robert Harold Grote Roth IRA, Account No.: XXX-XX1095. The TD AMERITRADE Account(s) hold cash

and/or securities that may fluctuate in value. Such value may increase or decrease until such time as the securities positions are sold, either at the further order of this Court or at the direction of JACKSON, as the account representative as set forth in paragraph 29 below. Current values will be made available to the Parties upon joint demand therefore.

16. GULINO and JACKSON, as the potential claimants to the TD AMERITRADE Account(s) proceeds, agree that the securities and/or funds should remain on deposit with TD AMERITRADE, but that TD AMERITRADE should be dismissed with prejudice from these proceedings.

17. TD AMERITRADE shall pay from the TD AMERITRADE Account(s) proceeds the sum of $6,595.00 to Baritz & Colman, LLP, as complete satisfaction for its attorneys' fees, legal services and costs incurred by TD AMERITRADE in connection with these proceedings. If sufficient cash is not available in the TD Ameritrade Account to pay such sum, TD AMERITRADE is authorized to liquidate a sufficient number of shares from the investment in the FDIC Insured Deposit Account for such purpose. As referenced in paragraph 31 below, this Court shall retain jurisdiction to provide additional attorneys' fees if circumstances so warrant.

18. Immediately upon distributing the sums set forth above in paragraph 17, TD AMERITRADE shall restrict and/or freeze all remaining securities and/or funds, to be held and/or maintained by TD AMERITRADE in their entirety pending further order of this Court or by written agreement of GULINO and JACKSON.

19. Upon making the distributions set forth above, TD AMERITRADE is forever discharged and released from any and all liability relating to the claims and rights of GULINO and/or JACKSON to the TD AMERITRADE Account(s) previously held by the Decedent, more specifically, Account No.: XXX-XX1095 or any predecessor thereto.

20. GULINO and JACKSON agree not to institute or further prosecute any action in any court against TD AMERITRADE affecting the rights and obligations of TD AMERITRADE with regard to Account No.: XXX-XX1095 or any predecessor thereto.

21. Defendant TD AMERITRADE, upon taking such actions as set forth in paragraphs 17 and 18 above, shall be dismissed from the action, with prejudice.

### *American Airlines, Inc.*

22. AMERICAN AIRLINES, INC. ("AMERICAN AIRLINES")[2] is the sponsor of a qualified employee pension benefit plan (the "Plan")[3] in which Decedent was a participant. The Plan holds cash and/or securities that may fluctuate in value. Such value may increase or decrease until such time as

---

[2] AMERICAN AIRLINES as used herein shall include American Airlines, Inc., AMR Corporation, together with their directors, officers, trustees, fiduciaries, employee benefit plans, benefit plan committees, third-party administrators, agents, participants, beneficiaries, servants, employees, representatives, attorneys, predecessors, successors, acquiring, holding or parent companies, affiliates or subsidiaries, and assigns, divisions, departments, and subsidiaries, parent and affiliated corporations, and their successors and assigns, together with their past, present, and future officers, directors, trustees, fiduciaries, agents, participants, beneficiaries, servants, employees, representatives, and attorneys, and their respective heirs, executors, administrators, successors, and assigns, and each and all of the aforesaid.

[3] The Plan was established, maintained, and is governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et. seq. ("ERISA").

the securities positions are sold, either at the further order of this Court or at the direction of JACKSON, as the account representative as set forth in paragraph 29 below.  Current values will be made available to the Parties upon joint demand therefore.

23. GULINO and JACKSON, as the potential claimants and beneficiaries to Decedent's account and interest in the Plan, agree that the funds should remain on deposit with the Plan, but that AMERICAN AIRLINES should be dismissed with prejudice from these proceedings.

24. The Plan shall deduct the sum of $6,201.66 as complete satisfaction for legal services and costs incurred by AMERICAN AIRLINES in connection with these proceedings.  As referenced in paragraph 31 below, this Court shall retain jurisdiction to provide additional attorneys' fees if circumstances so warrant.

25. Immediately upon deducting the sums set forth above in paragraph 24, the Plan shall restrict and/or freeze all remaining funds, to be held and/or maintained by the Plan in their entirety pending further order of this Court or by written agreement of GULINO and JACKSON.

26. Upon making the distributions set forth above, AMERICAN AIRLINES is forever discharged and released from any and all liability relating to the claims and rights of GULINO and/or JACKSON to the Plan sponsored by AMERICAN AIRLINES in which the Decedent was a participant.

27. GULINO and JACKSON agree not to institute or further prosecute any action in any court against AMERICAN AIRLINES affecting the rights and

obligations of AMERICAN AIRLINES with regard to the Plan or its role as the Plan sponsor.

28. Defendant AMERICAN AIRLINES, upon the Plan taking such actions as set forth in paragraphs 24 and 25 above, shall be dismissed from the action, with prejudice.

### *Management of Accounts*

29. During the pendency of these proceedings, in which the remaining funds and/or securities will remain on deposit in their entirety with the Institutional Defendants, JACKSON shall act as the Account(s)' designated representative, with the full authority to instruct, approve, disapprove, ratify and/or confirm, any potential action requested, recommended or otherwise advanced, by the respective Institutional Defendants relating to the Accounts. This paragraph shall not be construed as to empower JACKSON with any authority to make distributions from the subject funds and/or securities without a further order by this Court or by written agreement of GULINO and JACKSON.

### *Stipulated Order*

30. The Parties agree to the entry of an Order of Interpleader and Discharge, reflecting the contents and provisions referenced above.

31. Notwithstanding any of the provisions listed above, this Court shall retain jurisdiction over all Parties to enter further orders that are proper and to enforce the terms and conditions of the Joint Stipulation for Interpleader

and Discharge, including awarding any additional attorneys' fees if circumstances so warrant.

The parties hereto have stipulated effective this 10th day of July, 2014.

s/  *Daniel A. McGowan*
Daniel A. McGowan, Esq.
dmcgowan@athomaslaw.com
ADRIAN PHILIP THOMAS, P.A.
515 E. Olas Blvd., Suite 1050
Fort Lauderdale, FL 33301
*Counsel for Sonia Gulino*

s/  *Raleigh W. Greene, IV*
Raleigh W. Greene, IV, Esq.
rwgreene@baskinfleece.com
kathleen@baskinfleece.com
BASKIN FLEECE, Attorneys at Law
13535 Feather Sound Dr., Suite 200
Clearwater, FL  33762
*Counsel for Susan Jackson*

s/  *Neil S. Baritz*
Neil S. Baritz, Esq.
nbaritz@baritzcolman.com
BARITZ & COLMAN, LLP
1075 Broken Sound Pkwy. NW
Suite 102
Boca Raton, FL 33487
*Counsel for TD Ameritrade*

s/  *Benjamin M. Katz*
Benjamin M. Katz, Esq.
FLService@burr.com;
bkatz@burr.com;
lmcneil@burr.com
BURR & FORMAN, LLP
450 E. Las Olas Blvd., Suite 700
Fort Lauderdale, FL 33301
*Counsel for Vanguard Group, Inc.*

s/  *William J. Cantrell*
Eric P. Mathisen, Esq.
William J. Cantrell, Esq.
Eric.mathisen@ogletreedeakins.com
William.cantrell@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
100 N. Tampa St., Suite 3600
Tampa, FL 33602
*Counsel for American Airlines*