**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SONIA GULINO,

    Plaintiff,

                              CASE NO. 8:14-cv-00533-JSM-MAP

v.

SUSAN JACKSON, THE VANGUARD
GROUP, INC., TD AMERITRADE, INC.,
and AMERICAN AIRLINES,

    Defendants.
_____/

**<u>ORDER GRANTING JOINT STIPULATION FOR</u>**
**<u>ORDER OF INTERPLEADER AND DISCHARGE</u>**

THIS CAUSE comes before the Court upon the Parties' "Joint Stipulation for Order of Interpleader and Discharge (Dkt. #44), filed in the above-referenced cause on July 10, 2014.  The Court, having reviewed the Joint Stipulation, the Court file, and being otherwise duly advised in the premises, concludes that the Joint Stipulation should be and the same is hereby **GRANTED**, approved, ratified, confirmed and otherwise adopted in its entirety, and the Parties are ordered to comply with the terms set forth therein.  IT IS THEREFORE

**ORDERED AND ADJUDGED** that the VANGUARD GROUP, INC. ("VANGUARD") shall deduct from the VANGUARD Account proceeds the sum of $6,200.00 to Burr & Forman, LLP, for legal services and costs incurred by VANGUARD in connection with these proceedings.  Immediately upon deducting said sums, VANGUARD shall restrict and/or freeze all remaining

funds, to be held and/or maintained by VANGUARD in their entirety pending further order of this Court or by written agreement of GULINO and JACKSON. Upon making the distributions set forth above, VANGUARD is forever discharged and released from any and all liability relating to the claims and rights of GULINO and/or JACKSON to the VANGUARD Account previously held by the Decedent, more specifically Account XXXXXXX4279. IT IS FURTHER

**ORDERED AND ADJUDGED** that Defendant VANGUARD, upon making the deductions set forth herein, and otherwise subject to the provisions of the adopted "Joint Stipulation", shall be released and deemed dismissed from this cause of action with prejudice. IT IS FURTHER

**ORDERED AND ADJUDGED** that TD AMERITRADE, INC. ("TD AMERITRADE") shall pay from the TD AMERITRADE Account(s) proceeds the sum of $6,595.00 to Baritz & Colman, LLP, as complete satisfaction for its attorneys' fees, legal services and costs incurred by TD AMERITRADE in connection with these proceedings. If sufficient cash is not available in the TD Ameritrade Account to pay such sum, TD AMERITRADE is authorized to liquidate a sufficient number of shares from the investment in the FDIC Insured Deposit Account for such purpose. Immediately upon distributing said sums, TD AMERITRADE shall restrict and/or freeze all remaining securities and/or funds, to be held and/or maintained by TD AMERITRADE in their entirety pending further order of this Court or by written agreement of GULINO and JACKSON. Upon making the distributions set forth above, TD

AMERITRADE is forever discharged and released from any and all liability relating to the claims and rights of GULINO and/or JACKSON to the TD AMERITRADE Account(s) previously held by the Decedent, more specifically, Account No.: XXX-XX1095 or any predecessor thereto.  IT IS FURTHER

**ORDERED AND ADJUDGED** that Defendant TD AMERITRADE, upon making the deductions set forth herein, and otherwise subject to the provisions of the adopted "Joint Stipulation", shall be released and deemed dismissed from this cause of action with prejudice. IT IS FURTHER

**ORDERED AND ADJUDGED** that AMERICAN AIRLINES, INC., as the sponsor of a qualified employee pension benefit plan in which the Decedent was a participant ("AMERICAN AIRLINES"), shall deduct the sum of $6,201.66 as complete satisfaction for legal services and costs incurred by AMERICAN AIRLINES in connection with these proceedings.  Immediately upon deducting said sums, AMERICAN AIRLINES shall restrict and/or freeze all remaining funds, to be held and/or maintained by the Plan in their entirety pending further order of this Court or by written agreement of GULINO and JACKSON. Upon making the distributions set forth above, AMERICAN AIRLINES is forever discharged and released from any and all liability relating to the claims and rights of GULINO and/or JACKSON to the Plan sponsored by AMERICAN AIRLINES in which the Decedent was a participant.  IT IS FURTHER

**ORDERED AND ADJUDGED** that Defendant AMERICAN AIRLINES, upon making the deductions set forth herein, and otherwise subject to the provisions

of the adopted "Joint Stipulation", shall be released and deemed dismissed from this cause of action with prejudice. IT IS FURTHER

**ORDERED AND ADJUDGED**, that during the pendency of these proceedings, in which the remaining funds and/or securities will remain on deposit in their entirety with THE VANGUARD GROUP, TD AMERITRADE and AMERICAN AIRLINES, JACKSON shall act as the Account(s)' designated representative, with the full authority to instruct, approve, disapprove, ratify and/or confirm, any potential action requested, recommended or otherwise advanced, by the respective Institutional Defendants relating to the Accounts. This paragraph shall not be construed as to empower JACKSON with any authority to make distributions from the subject funds and/or securities without a further order by this Court or by written agreement of GULINO and JACKSON.  IT IS FURTHER

**ORDERED AND ADJUDGED** that notwithstanding any contrary language herein, this Court shall retain jurisdiction over all Parties to enter further orders that are proper and to enforce the terms and conditions of the Joint Stipulation for Interpleader and Discharge, including awarding any additional attorneys' fees if circumstances so warrant.

**DONE** AND **ORDERED** in Tampa, Florida, this 29th day of July, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record