UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SONIA GULINO,

    Plaintiff,

v.                                                      Case No: 8:14-cv-533-T-30MAP

SUSAN JACKSON, *et al.*,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon the Defendant's Motion to Enforce Settlement Agreement and to Assess Sanctions against Plaintiff, Sonia Gulino (Dkt. #61) and Plaintiff's Responses in Opposition to the Motion (Dkts. # 60, 63). This Court granted Defendant's Request for Oral Argument (Dkt. #62). After hearing argument from counsel, and otherwise being advised of the premises, this Court concludes that the Motion should be granted in part.

Plaintiff initiated this action for declaratory relief regarding the validity of certain transfer-on-death designations for accounts maintained by Robert Grote at The Vanguard Group, Inc. ("Vanguard"), TD Ameritrade, Inc. ("TD Ameritrade"), and American Airlines. The Court entered an Order granting the parties' Joint Stipulation for Order of Interpleader and Discharge (Dkt. #49). The Order directed Vanguard, T.D. Ameritrade and American Airlines to "restrict and/or freeze all remaining funds to be held and/or

maintained … in their entirety pending further order of this Court or by written agreement of Gulino and Jackson."

Thereafter, Plaintiff and Defendant entered into a Mediation Settlement Agreement which provided, among other things, that Plaintiff would receive all the remaining funds in the American Airlines accounts, and Susan Jackson would receive all of the remaining funds in the accounts at TD Ameritrade and Vanguard. Defendant also agreed to "withdraw her litigious petitions (i.e. Petition for Removal and Petition to Contest Will) in the pending probate proceedings in Pennsylvania."  *See* Dkt. #61.

Defendant withdrew her Petition for Removal and Petition to Contest Will in the Pennsylvania probate proceedings without prejudice. Plaintiff then contacted TD Ameritrade and Vanguard, independent of her counsel, and instructed them to keep the funds frozen as "the settlement in Florida is null and void as there has been fraud and breach of contract." Plaintiff argues that it was the parties' "understanding" that the withdrawal would be with prejudice. However, she presents no evidence to support that contention.

The interpretation of the settlement agreement is governed by Florida contract law. *Somerset Pharm., Inc. v. Kimball*, 49 F. Supp. 2d 1335, 1339 (M.D. Fla. 1999) (citing *Schwartz v. Florida Bd. of Regents*, 807 F.2d 901, 905 (11th Cir. 1987)). Therefore, the interpretation of the agreement is a question of law for the court, and "words ... are to be given their plain and ordinary meaning." *Id*. "The court's role is to determine the intention of the parties from the language of the agreement, the apparent objects to be accomplished, and other provisions in the agreement that cast light on the question, and the circumstances

prevailing at the time of the agreement." *Id.* (citations omitted). *See also In re Managed Care*, 756 F.3d 1222, 1232 (11th Cir. 2014) ("District Courts must construe contracts to give effect to the parties' intentions.").

The parties were represented by counsel at the mediation, and both agreed that "they have sought independent counsel or have had an opportunity to do so, have entered into this settlement agreement with full understanding of its terms and conditions, and do so voluntarily and under no duress." Based on the plain language in the Mediation Settlement Agreement, Defendant's compliance with the terms of the Agreement, and absence of any evidence to the contrary, the Court concludes that the Motion should be granted to the extent that the Court will enforce the terms of the Mediation Settlement Agreement.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Susan Jackson's Motion to Enforce Settlement Agreement and to Assess Sanctions against Plaintiff, Sonia Gulino (Dkt. #61) is GRANTED in part.

2. Defendant TD Ameritrade, Inc. shall disburse the restricted funds held in Account No. XXXXXXX4279 to Susan Jackson in accordance with the Mediation Settlement Agreement.

3. Defendant The Vanguard Group, Inc. shall disburse the restricted funds held in Account No. XXX-XX1095 to Susan Jackson in accordance with the Mediation Settlement Agreement.

4. Defendant Susan Jackson's request for sanctions is DENIED.

5.  All pending motions are denied as moot and the Clerk of Court is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 8th day of January, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
Counsel/Parties of Record

S:\Odd\2014\14-cv-533 61.docx